# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Balbir S. Tuli, | ) | CASE NO: 5:15CV1417 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Alstom Grid Inc., | ) | (Resolving Doc. 12) |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant' Alstom Grid, Inc.'s motion to dismiss the complaint and request for sanctions (Doc. 5). Plaintiff Balbir Tuli has opposed the motion, and Alstom has replied. The motion is hereby GRANTED and the complaint is dismissed.

**I. Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its

> "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**II. Facts and Analysis**

On October 23, 2013, this Court dismissed a prior complaint filed by Tuli that relied upon the same facts and legal theories. In support, the Court found that the matter was governed by an arbitration agreement and that Tuli was not seeking an order compelling arbitration. On appeal, the Sixth Circuit found that Tuli had properly

demanded some form of arbitration, but then that Court concluded that Tuli lacked standing to bring such a claim. The Court held:

> Included in Tuli's complaint are two letters, one from Alstom to the ICC and one from Tuli to Alstom and the ICC. It is clear from the letters that Tuli has instituted arbitration proceedings in the ICC under the subcontracts and that Alstom has appeared and participated in the proceedings. Therefore, because Alstom is participating in the arbitration, Tuli has not shown that he has suffered an injury in fact. Moreover, an order compelling Alstom to participate in the arbitration would be superfluous and therefore would not redress any injury Tuli had. As a result, Tuli lacks standing to bring his claim.

Doc. 49 at 3 (*Tuli v. Alstom Grid Inc.*, Case No. 13-4392).

Tuli now claims that this deficiency has been remedied because the arbitration no longer remains pending. Tuli's complaint, however, acknowledges that the arbitration was closed at his request. As such, to allow standing herein, the Court would be compelled to conclude that Tuli's voluntary dismissal of the arbitration now allows him to bring a claim seeking to compel the very same arbitration that he had abandoned. The Court declines to engage in such reasoning. In fact, it is clear from the complaint that it is not simply arbitration that Tuli seeks. If that were so, he would have undoubtedly pursued the pending arbitration. Rather, Tuli seeks an arbitration in which Alstom is prevented from raising the defenses that were presented in the now-dismissed arbitration. The Court lacks the authority to issue such relief. The Court concludes again that Tuli continues to lack standing to raise this claim as he has not alleged any injury in fact that was not caused by Tuli's own actions in dismissing the arbitration.

In addition to dismissal, Alstom seeks an order sanctioning Tuli. In support, Alstom contends that Tuli has sought similar relief no fewer than nine times in federal court and continues to press his claims despite any legal support. The Court agrees that

3

some form of sanction is warranted. While the Court acknowledges his pro se status, Tuli has time and again raised his breach of contract claims in numerous forums against Alstom. Time and again, Tuli has been informed that his only form of relief is binding arbitration. After invoking said arbitration, Tuli was confronted with defenses from Alstom that he apparently did not wish to combat during the arbitration. As such, he proposed closing the arbitration. After doing so, he then again returned to this Court in yet another futile attempt to avoid arbitration.

At this time, the Court will not enter a monetary sanction. Instead, it is the Court's hope that labeling Tuli a vexatious litigant with respect to these issues will suffice to put an end to this litigation once and for all.

Accordingly, the Court adopts the sanction proposed by Alstom. Mr. Tuli shall be permanently enjoined from filing any new lawsuits or other documents relating to the Iraq construction contracts at issue in the above-captioned dispute without seeking and obtaining leave of court in accordance with the following:

1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).

2. As an exhibit to any motion seeking such leave, Mr. Tuli must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3. By means of a second exhibit, he must identify and list: (a) the full caption of each and

4

every suit which has been previously filed by him or on his behalf in any court, arbitration, or tribunal, in the United States or overseas, against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit or proceeding that he has currently pending.

4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, Mr. Tuli's failure to comply with the terms of this Order shall be sufficient grounds for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

1. Any document submitted by Mr. Tuli relating to his claims arising from the Iraq construction contracts prior to his obtaining leave to file shall not be filed unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains:

1) an affidavit or sworn declaration as required by this order; 2) a copy of this Order; and, 3) the exhibits required by this Order.

2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion

Pursuant to Court Order Seeking Leave to File which Mr. Tuli files, unless and until Mr. Tuli has been granted leave to file the associated documents.

## IV. Conclusion

Alstom's motion to dismiss is granted. The complaint is hereby dismissed for lack of standing. Consistent with the above, Tuli shall not refile the complaint in any court setting without complying with the terms set forth above.

IT IS SO ORDERED.


March 23, 2016 /s/ *Judge John R. Adams*
Date JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT